Craig A. HARDWICK, Petitioner,

v.

DEPARTMENT OF VETERANS
AFFAIRS, Respondent.

No. 01–3149.

United States Court of Appeals,
Federal Circuit.

June 11, 2001.

Before CLEVENGER, SCHALL, and
GAJARSA, Circuit Judges.

PER CURIAM.

Craig A. Hardwick petitions for review
of the final decision of the Merit Systems
Protection Board ("Board") dismissing his
appeal. *Hardwick v. Dep't of Veterans Affairs*, 87 M.S.P.R. 529 (2000). We *affirm.*

I

Mr. Hardwick was formerly employed
by the Department of Veterans Affairs
("agency") as a GM–15 Adjudication Officer. Taking advantage of a Voluntary
Separation Incentive Payment offer, Mr.
Hardwick retired from his position at the
agency on October 31, 1997. Subsequently,
Mr. Hardwick appealed to the Board, contending that his retirement was involuntary, in that he had been coerced into
retiring because of intolerable working
conditions. The working condition that
most troubled Mr. Hardwick was the uncertainty as to whether his GM–15 job
would be cancelled and whether he would
qualify for retention at a lower grade. In
his appeal to the Board, he sought reinstatement to his old GM–15 job, along with
back pay to the date of his retirement and
any other appropriate relief.

The Board afforded Mr. Hardwick a
hearing. The Administrative Judge presiding over the hearing concluded that Mr.
Hardwick's retirement was wholly voluntary, that "when [he] became eligible for
early retirement and a $25,000 buyout in
October of 1997, he jumped at the opportunity and demanded that he be given his
right to retire as an adjudication officer."
The presiding judge, after consideration of
all the facts, held that Mr. Hardwick had
not been subjected to working conditions
so intolerable that his resignation was
coerced. Since a voluntary resignation is
not an action over which the Board has
statutory jurisdiction, the presiding judge
dismissed Mr. Hardwick's appeal.

Mr. Hardwick then timely appealed the
decision of the presiding judge to the full
Board, which denied his petition as without
merit. Mr. Hardwick then timely sought
review in this court of the final decision of
the Board.

II

We may upset a final decision of the
Board only when we find it to be arbitrary,
capricious, an abuse of discretion, or otherwise not in accordance with law. When
the Board's decision rests on fact-findings,
we must accept those fact-findings when

supported by substantial evidence. 5 U.S.C. § 7703(c) (1994).

In this case, Mr. Hardwick cannot prevail unless he can show that there is no substantial evidence to support the Board's fact-finding that he was not subject to such a degree of intolerable working conditions that he had no alternative but to resign. Ample evidence in the record shows that Mr. Hardwick's nervousness about his future in the agency was not due to any misconduct by the agency. Since he elected to take advantage of the early buyout, and since he was not coerced into that action, we cannot disturb the Board's conclusion that his retirement was voluntary.